F I L E D
**United States Court of Appeals
Tenth Circuit**

**JUN 13 2001**

**PATRICK FISHER**
**Clerk**

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DAMANSCUS L. RAMSAY,

Defendant-Appellant.

No. 00-1272
(D.C. No. 98-CR-382-1-D)
(Colorado)

## ORDER AND JUDGMENT*

Before **SEYMOUR**, **McKAY**, and **BRORBY**, Circuit Judges.

Damanscus Ramsay pled guilty pursuant to a plea agreement to conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. Mr. Ramsay's adjusted offense level was 31 and his criminal history level was IV, for a sentencing range under the guidelines of 151 to 188

---

*After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

months.  The government filed a motion pursuant to U.S.S.G. § 5K1.1 recommending a reduction in Mr. Ramsay's sentence in consideration of his substantial assistance.  The district court granted the government's motion and sentenced Mr. Ramsay to 108 months imprisonment and 5 years of supervised release.  Mr. Ramsay's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and moved for leave to withdraw as counsel.  For the reasons set out below, we grant counsel's motion to withdraw and dismiss the appeal.

*Anders* holds that if counsel finds a case to be wholly frivolous after conscientious examination, she may so advise the court and request permission to withdraw.  Counsel must also submit to both the court and her client a brief referring to anything in the record arguably supportive of the appeal.  The client may then raise any point he chooses, and the court thereafter undertakes a complete examination of all proceedings and decides whether the appeal is in fact frivolous.  If it so finds, it may grant counsel's request to withdraw and dismiss the appeal.  *See id.* at 744.  Counsel has provided Mr. Ramsay with a copy of her appellate brief and he has chosen not to file additional material with this court.

In her *Anders* brief, counsel identified only one potential appealable issue for our consideration, whether the court erred in adjusting Mr. Ramsay's base offense level upward under U.S.S.G. § 3C1.2 for reckless endangerment during flight.  That guideline provides for a two-level enhancement of a defendant's base

offense level if the defendant created a substantial risk of death or serious injury to another person in the course of fleeing from a law enforcement officer. "Another person" is defined in the application notes as any person other than a participant in the offense who willingly participated in the flight.

The record on appeal reveals that Mr. Ramsay and a coconspirator fled from the police in the coconspirator's automobile. Mr. Ramsay was driving and was speeding past an elementary school when he lost control of the car. Mr. Ramsay jumped from the vehicle, which then crashed into several parked cars. Several other drivers were on the road, and because school was in recess the playground was filled with children. In light of the above facts, which Mr. Ramsay does not dispute on appeal, we find no error in the sentencing court's application of this guideline.

After careful review of the entire proceedings, we conclude that the record establishes no ground for appeal. We have found nothing in the record to indicate that Mr. Ramsay's guilty plea was not knowing and voluntary, nor do we discern any error in the district court's application of the guidelines. We **GRANT** counsel's request to withdraw and we **DISMISS** the appeal.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge